# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## NO. 2022 CA 1031

**PONTCHARTRAIN NATURAL GAS SYSTEM, K/D/S PROMIX, L.L.C.**
**and**
**ACADIAN GAS PIPELINE SYSTEM**

**VERSUS**

**TEXAS BRINE COMPANY, LLC, et al**

*Judgment Rendered:* **MAY 0 9 2023**

\* \* \* \* \* \* \* \*

Appealed from the
23rd Judicial District Court
In and for the Parish of Assumption
State of Louisiana
Case No. 34,265

The Honorable Thomas J. Kliebert, Jr., Ad Hoc, Judge Presiding

\* \* \* \* \* \* \* \*

| | |
|---|---|
| Leopold Z. Sher<br>James M. Garner<br>Peter L. Hilbert, Jr.<br>Martha Curtis<br>Jeffrey D. Kessler<br>New Orleans, LA<br><br>Travis J. Turner<br>Gonzales, LA | Attorneys for Defendant/Third-<br>Party Plaintiff/Appellant<br>Texas Brine Company, LLC |
| Glen E. Mercer<br>Kourtney Twenhafel<br>New Orleans, LA<br><br>John K. Daly, *pro hoc vice*<br>Denver, CO | Attorneys for Defendants/Appellees<br>Zurich American Insurance Company,<br>Steadfast Insurance Company, and<br>American Guarantee and Liability<br>Insurance Company |

Holdridge J. agrees in part & dissents in part

Martin A. Stern  
Leigh Ann Schell  
Raymond P. Ward  
New Orleans, LA

Kathy Patrick, *pro hac vice*  
Sam W. Cruse, *pro hac vice*  
Laura Kissel Cassidy, *pro hac vice*  
Caitlin Halpern, *pro hac vice*  
Houston, TX

Attorneys for Defendant/Appellee  
Occidental Chemical Corporation

\* \* \* \* \* \* \* \*

**BEFORE: THERIOT, HOLDRIDGE, AND WOLFE, JJ.**

**THERIOT, J.**

In this appeal, Texas Brine Company, LLC ("Texas Brine") challenges the trial court's March 25, 2021 judgment granting Zurich American Insurance Company, Steadfast Insurance Company, and American Guarantee and Liability Insurance Company, LLC's (collectively, "Zurich") motion for summary judgment and, likewise, sustaining Zurich's peremptory exception raising the objection of no cause of action. The judgment dismissed with prejudice Texas Brine's petition to annul an appellate court judgment rendered by this court on October 11, 2018, in docket number 2018 CA 0244, which Texas Brine maintains was not randomly allotted as required by Louisiana law. Also, in its March 25, 2021 judgment, the trial court denied Zurich's request for reasonable costs and attorneys' fees[1], which Zurich challenges herein. Additionally, Occidental Chemical Corporation ("Oxy")[2] answered Texas Brine's appeal, requesting this court reverse or vacate the trial court's overruling of its peremptory exception raising the objection of peremption, seeking a modification of the trial court's denial to award Oxy reasonable costs and attorneys' fees, as well as requesting from this court reasonable costs and attorneys' fees associated with defending Texas Brine's appeal.

The same issues before us in the instant appeal were recently decided by another panel of this court in a related appeal. In **Pontchartrain Natural Gas System v. Texas Brine Company, LLC**, 2022-0990 (La. App. 1st Cir. 3/16/23), ___ So.3d ___, 2023 WL 2531173, this court affirmed in part and vacated in part a

---

[1] Louisiana Code of Civil Procedure article 2004(C) provides, "[t]he court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds."

[2] Although this specific appeal addresses the district court's granting of Zurich's motion for summary judgment and peremptory exception raising the objection of no cause of action, Occidental Chemical Corporation was the subject defendant in the companion appeal, 2022 CA 0990, in which Texas Brine sought to annul another judgment from this court, all of which was pled by Texas Brine in the same petition to annul, and which Texas Brine noticed in its singular Petition for Devolutive Appeal.

3

similar judgment, rendered the same day, by the same trial court judge, and originating from the same trial court docket number, granting Oxy's motion for summary judgment and sustaining Oxy's peremptory exception raising the objection of no cause of action, as well as awarding $5,000.00 in reasonable costs and attorneys' fees to Oxy, all concerning Texas Brine's identical claim that this court did not randomly allot, as required by Louisiana law, another judgment from this court – 2018 CA 0241. Of note, Texas Brine challenged both of this court's prior judgments in 2018 CA 0241 and 2018 CA 0244 in the same, underlying petition to annul.

As such, and after a thorough review of the record, we find no material distinctions between the evidence and arguments asserted in this appeal and those presented in **Pontchartrain**. The exact same background, issues, and assignments of error raised by Texas Brine in this case have already been thoroughly discussed in **Pontchartrain**, which we are bound to follow under the "law of the circuit doctrine," which requires us to follow our prior decisions. See **Pontchartrain Natural Gas System v. Texas Brine Company, LLC**, 2018-0001 (La. App. 1st Cir. 6/4/18), 253 So.3d 156, writ denied, 2018-1124 (La. 9/28/18), 253 So.3d 147. Accordingly and similarly, we conclude that Texas Brine's allegations of "ill practices" on the part of this court's random allotment of appeals are merely conclusory. There is no showing of a deprivation of Texas Brine's, or any other parties', legal rights. Texas Brine failed to demonstrate how it was deprived of the fundamental opportunity to fairly present its case to this court in the appeal with docket number 2018 CA 0244 or how this court's allotment system caused or was in any way related to any adverse judgment. Texas Brine fully litigated docket number 2018 CA 0244 up and until the Louisiana Supreme Court denied writs on March 6, 2019. **Pontchartrain Natural Gas System v. Texas Brine Company,**

4

LLC, 2019-0080 (La. 3/6/19), 264 So.3d 1204. See **Pontchartrain**, 2023 WL 2531173 at *4.

We issue this summary disposition in accordance with Uniform Rules of Louisiana Courts of Appeal, Rule 2-16.2(A)(2), (4), and (6), and vacate the portion of the trial court's March 25, 2021 judgment sustaining the peremptory exception raising the objection of no cause of action filed by Zurich American Insurance Company, Steadfast Insurance Company, and American Guarantee and Liability Insurance Company, LLC as moot. We further affirm the portion of the judgment granting the motion for summary judgment filed by Zurich American Insurance Company, Steadfast Insurance Company, and American Guarantee and Liability Insurance Company, LLC that dismissed Texas Brine Company, LLC's petition to annul this court's October 11, 2018 judgment rendered in docket number 2018 CA 0244 and all of its claims against Zurich American Insurance Company, Steadfast Insurance Company, and American Guarantee and Liability Insurance Company, LLC. Furthermore, pursuant to La. Code Civ. P. art. 2004(C), we award Occidental Chemical Corporation $1,200.00 in attorney fees[3] for successfully defending this appeal. All costs of this appeal are assessed to Texas Brine Company, LLC.

**VACATED IN PART; AFFIRMED IN PART; REQUEST FOR ATTORNEY FEES GRANTED.**

---

[3] We note, in its appellee brief, Zurich requested damages for a frivolous appeal pursuant to La. Code Civ. P. art. 2164. However, the proper procedure for an appellee to request frivolous appeal damages is to file either an answer to the appeal or a cross appeal. See La. Code Civ. P. art. 2133; **Donaldson v. Guidry**, 2021-1569 (La. App. 1st Cir. 7/8/22), 345 So.3d 433, 438, writ denied, 2022-01208 (La. 11/8/22). As a brief constitutes neither, an appellee cannot recover damages for taking a frivolous appeal if the damages are first requested in the appellee's brief. **Donaldson**, 345 So.3d at 438-39. Therefore, Zurich's request for frivolous appeal damages is denied.

5

| PONTCHARTRAIN NATURAL GAS | STATE OF LOUISIANA |
| SYSTEM, K/D/S PROMIX, L.L.C. | |
| and | |
| ACADIAN GAS PIPELINE SYSTEM | COURT OF APPEAL |
| | |
| VERSUS | FIRST CIRCUIT |
| | |
| TEXAS BRINE COMPANY, LLC, et al | 2022 CA 1031 |



**HOLDRIDGE, J., agreeing in part and dissenting in part.**

I agree in part and dissent in part in this case. I agree with the majority's decision vacating the portion of the trial court's judgment sustaining the peremptory exception raising the objection of no cause of action as moot. I also agree with the majority's decision affirming that portion of the judgment granting the motion for summary judgment and dismissing Texas Brine Company, LLC's petition to annul this court's previous judgment rendered in docket number 2018 CA 0244. While I agree with the results and reasoning of the majority opinion, I recognize that in our civilian system, courts are not bound by prior decisions if those decisions are contrary to the law. See **Bergeron v. Richardson**, 2020-01409 (La. 6/30/21), 320 So.3d 1109, 1116-17 (Weimer, C.J., concurring).

However, I disagree with that portion of the judgment awarding Occidental Chemical Corporation $1,200 in attorney fees pursuant to La. C.C.P. art. 2004(C) for successfully defending the appeal. Although Occidental Chemical Corporation (Occidental) filed an appellee brief and an answer in this appeal, Occidental does not refer to the judgment that is on appeal in this matter in favor of Zurich American Insurance Company, Steadfast Insurance Company, and American Guarantee & Liability Insurance Company, LLC. Rather, the appellee brief and answer specifically refer to and seek modification of the trial court's judgment pertaining to Occidental in **Pontchartrain Natural Gas System v. Texas Brine Company, LLC**, 2022-0990 (La. App. 1 Cir. 3/16/23), ___ So.3d ___, ___, wherein this court

awarded it $1,200 on appeal.[1] Louisiana Code of Civil Procedure article 2004(C) provides that the court may award reasonable attorney fees incurred by the prevailing party in an action to annul judgment on the grounds of fraud or ill practices. Where the party answering the appeal has already been awarded attorney fees in the appeal of the judgment in its favor, it is not appropriate to award it additional attorney fees in the appeal of a judgment in favor of another party where it admittedly filed essentially the same brief in both appeals except for some minor editorial changes and record citations and where the relief it seeks in its answer to the appeal pertains to the judgment in the previous appeal. The majority gives no basis for its award of attorney fees to Occidental pursuant to La. C.C.P. art. 2004(C), which is not the prevailing party in this appeal. I note that Occidental in its answer to the appeal also sought attorney fees as damages for a frivolous appeal pursuant to La. C.C.P. art. 2164, but the majority did not award attorney fees under this article. For these reasons, I respectfully dissent from that part of the majority opinion.

---

[1] In its answer to the appeal, Occidental stated, "The trial court's judgment erroneously overrules [Occidental's] peremptory exception of peremption. [Occidental] seeks a modification of the judgment so as to sustain Occidental's exception of peremption."